Argued February 20, affirmed March 4, petition for
review denied April 23, 1974

STATE OF OREGON, *Respondent, v.* PAMELA
YVONNE WARD (No. 40382), *Appellant.*

519 P2d 1269

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before Schwab, Chief Judge, and Langtry and Tanzer, Judges.

TANZER, J.

The defendant was convicted of criminal activity in drugs in violation of ORS 167.207. She assigns as error the denial of her motion to suppress as evidence marijuana and related paraphernalia found in her purse.

The chain of events which culminated in the discovery of the marijuana began when Officer Gary Miller of the Roseburg Police Department stopped a car for speeding. The driver had no operator's license and no vehicle registration certificate. Defendant and another passenger were asked for identification. Defendant produced a Medicare card from the State of California and the other passenger produced no identification. The three were then separated and they gave inconsistent statements as to their destinations and the names of each other. A stolen vehicle check disclosed the registered owner to be someone other than the driver, but it did not show the automobile to be stolen.

Officer Miller placed the driver under arrest and, being unsatisfied as to their identification, he requested the defendant and the other passenger to accompany the arrested driver to the police station. They agreed to do so. The automobile was locked and left at the scene. The defendant asked if she might take her purse along rather than leave it in the locked car and the officer consented, but kept the purse in his possession.

At the police station, the driver and the other passenger were placed in custody and the defendant

was taken to an interview room. While Officer Miller was attempting to call the registered owner of the car, the defendant said that she had her cigarettes in her purse. Officer Miller was concerned about the possibility that the purse might contain a weapon and it was sufficiently capacious to do so. Therefore, before returning it to her, he opened it and smelled "a strong odor of marijuana" which he recognized from his training. He thereupon looked through the contents and discovered a hashish pipe, two packages of cigarette papers and a small brown paper bag containing marijuana.

*Terry v. Ohio,* 392 US 1, 88 S Ct 1868, 20 L Ed 2d 889 (1968), holds that where a police officer has cause to and does detain a person engaging in suspicious activity, he is authorized to make a limited intrusion into that person's privacy for purposes of preserving his safety. While that superficial search usually takes the form of a frisk, it is subject to variation according to conditions. Here the official intrusion was minimal. The officer separated defendant from her purse instead of searching it. When defendant wanted her cigarettes from it, the officer was authorized to make a cursory inspection to assure that he was not providing the defendant with access to a weapon. Lifting of the purse flap was the equivalent of a frisk of one who carries effects in pockets. *United States v. Berryhill,* 445 F2d 1189, 1193 (9th Cir 1971). When Officer Miller smelled the strong and familiar odor of marijuana, he had probable cause to look further for its source.

Affirmed.